[No. 3357.]

### Dow BURNETT AND OTHERS *v.* THE STATE.

1. SCIRE FACIAS.—BAIL BOND is fatally defective when its conditions require the appearance of the principal obligor at a time when there can legally be no term of the court in which he is required to appear.
2. JUDGMENT NISI, to be valid, must state that it will be made final unless good cause be shown at the next term of the court why the defendant did not appear.

ERROR from the District Court of Medina. Tried below before the Hon. T. M. Paschal.

The opinion sufficiently states the case. The amount of the bond and judgment was $500.

*Rudolph Runge*, for the plaintiffs in error.

*J. H. Burts*, Assistant Attorney-General, for the State.

HURT, JUDGE. This is a *scire facias* case. The bail bond required the principal, Dow Burnett, to appear "before the next term of the district court to be held in and for the county of Medina, . . .

at the court-house thereof, in the town of Castroville, on the fourth Monday after the first Monday in September, 1883." The date of the bond is June 22, 1883.

By an act of the legislature passed March 28, 1881, the district court of Medina county was required to be held on the sixth Monday after the first Mondays in March and September. This act remained in force until September 1, 1884, when the time of holding the district court of Medina county was changed to the fourth Monday after the first Mondays in March and September. This bond should have required the principal to appear at the March term, 1884, of the district court of Medina county, as fixed by the act of March 28, 1881; for the act changing the times for holding said court was not passed until March 28, 1883, and did not take effect for any purpose until September 1, 1884. (Genl. Laws of 1883, pp. 65, 66; *Thomas* v. *The State*, 12 Texas Ct. App., 417; Code Crim. Proc., art. 288.)

Again: the judgment *nisi* fails to state that the same will be made final unless good cause be shown at the next term of the court why the defendant did not appear. This is fatal to its validity. (Code Crim. Proc., art. 141; *Pickett et al.* v. *The State*, 16 Texas Ct. App., 648; *Collins* v. *The State*, 12 Texas Ct. App., 356; *Thomas* v. *The State*, Id., 416; *Barton* v. *The State*, Id., 613.)

The judgment is reversed, and because the bond is void the cause is dismissed.

*Reversed and dismissed.*

[Opinion delivered May 23, 1885.]